# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RACHEL ANNE CANIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-1498-SPM |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Rachel Anne Canis ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 7). Because I find the decision denying benefits was supported by substantial evidence, I will affirm the Commissioner's denial of Plaintiff's application.

### I. PROCEDURAL BACKGROUND

In April 2019, Plaintiff applied for DIB, alleging that she had been unable to work since May 2018 due to congestive heart failure/cardiomyopathy, hip impingement, torn labrum in left hip, constant/persistent pain, and "cognitive impairment due to over 14 medications". (Tr. 129-30, 137-38, 154-55, 264). Her application was initially denied and denied again upon request for reconsideration. (Tr. 174-79, 182-87). Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ). (Tr. 188-89). After a hearing, the ALJ issued an unfavorable decision on December

16, 2020. (Tr. 54-65). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council (Tr. 235-37), but the Appeals Council declined to review the case on October 27, 2021. (Tr. 1-5). Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

With regard to Plaintiff's testimony, medical and vocational records, the Court accepts the facts as set forth in the parties' statements of facts and responses.

## II.    STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. § 404.1520(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th

Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. § 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1520(a)(4), which "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. § 404.1545(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's

RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 404.1560(c)(2).

## III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ in this case found, at step one, that Plaintiff has not engaged in substantial gainful activity since May 23, 2018, the alleged onset date. (Tr. 56). At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, degenerative disc disease, status-post right hip replacement, status-post left hip labrum tear and impingement, congestive heart failure, non-ischemic cardiomyopathy, status-post defibrillator installation. (Tr. 56). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 57).

The ALJ found that Plaintiff had the following RFC:

> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally stoop, kneel, crouch or crawl. She must avoid concentrated exposure to excessive vibration and all exposure to workplace hazards such as operational control of moving machinery and unprotected heights. She can frequently reach, handle and finger; and, requires a sit/stand option defined as allowing [Plaintiff] to alternate between sitting and standing positions one or two minutes out of every 30

      minutes to stand up, move about, change positions, or stretch but otherwise remain on task.

(Tr. 59). Moving to step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 63). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age, education, work experience, and RFC, the ALJ relied on the testimony of the vocational expert and found that there are jobs that exist in numbers in the national economy that Plaintiff can perform, such as telephone sales, cashier, and food and beverage order clerk. (Tr. 64). The ALJ concluded that Plaintiff "has not been under a disability . . . from May 23, 2018, through the date of th[e] decision." (Tr. 64).

    **IV.**    **DISCUSSION**

Plaintiff challenges the ALJ's decision on two grounds: (1) the ALJ failed to find chronic left post-inguinal hernia repair pain and ilio-inguinal neuralgia as severe impairments, which led to an unsupportable RFC and credibility assessment; and 2) the ALJ failed to properly evaluate the opinion evidence of record, specifically that of Jeffrey Tillingahst, M.D.

    **A. Standard for Judicial Review**

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also*

5

*Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

### B.  SEVERE IMPAIRMENTS

Plaintiff's first argument is that the ALJ erred by finding Plaintiff's left post-inguinal hernia repair pain[1] and ilio-inguinal neuralgia[2] were not severe impairments. She alleges this in turn, led to an unsupportable RFC and credibility assessment.[3]

---

[1] An inguinal hernia is also referred to as a groin hernia and affects an individual's abdomen and groin area. *See* https://my.clevelandclinic.org/health/diseases/16266-inguinal-hernia.

[2] Ilioinguinal neuralgia is a frequent cause of pain in the lower abdomen and the upper thigh and is commonly caused by entrapment or injury of the nerve after lower abdominal surgeries. *See* https://www.ncbi.nlm.nih.gov/books/NBK538256/

[3] Because Plaintiff does not otherwise challenge the ALJ's RFC Assessment and subjective complaints findings, the Court focuses its analysis on the allegations that the ALJ erred by failing to find these two impairments were severe.

At Step Two, the ALJ must determine whether the claimant has "a severe medically determinable physical or mental impairment," or "a combination of impairments that is severe," that lasted or is expected to last for at least twelve months. *See* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including, among other things, understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1522(b).

While the requirement of severity is "not a toothless standard," it is also not an "onerous requirement." *Kirby*, 500 F.3d at 707. Additionally, though it is Plaintiff's burden to prove the existence of severe impairments, "the burden of a claimant at this stage of the analysis is not great." *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Id.* (quoting *Nguyen v. Chater*, 75 F.3d 429, 430-31 (8th Cir.1996)). Further, the ALJ may not "pick and choose only evidence in the record buttressing his conclusion." *Taylor ex rel. McKinnies v. Barnhart*, 333 F. Supp. 2d 846, 856 (E.D. Mo. 2004).

Here, the Court finds that the ALJ's conclusion at step 2 that Plaintiff's left post-inguinal hernia repair pain and ilio-inguinal neuralgia were not severe is supported by substantial evidence. The evidence of record shows that, during the relevant period, Plaintiff complained of these issues, and received treatment, including hernia surgery. The ALJ explicitly discussed these impairments

in the decision, including that Plaintiff returned to work, continued with physical exercise, and had some normal physical examinations. (Tr. 60). As Defendant points out, there is at least one medical record post-dating Plaintiff's hernia surgery stating the pain was "originally groin but has evolved to include low back and referral into her proximal anterior thigh." (Tr. 3012). "[T]he failure to list a specific impairment at step two is not an error unless the impairment is 'separate and apart' from the other listed impairments." *Gregory v. Comm'r Soc. Sec. Admin.*, 742 F. App'x 152, 156 (8th Cir. 2018) (quoting *Gragg v. Astrue*, 615 F.3d 932, 939 (8th Cir. 2010)). The ALJ did discuss Plaintiff's various back pain complaints. (Tr. 60-62). Thus, it is clear that, while the ALJ did not specifically find Plaintiff's left post-inguinal hernia repair pain and ilio-inguinal neuralgia severe, the ALJ was aware of these complaints and considered them in formulating the RFC.

To the extent that the ALJ erred at Step Two with respect to Plaintiff's left post-inguinal hernia repair pain and ilio-inguinal neuralgia issues, the Court finds that error was harmless in this case. Courts have held an error at Step Two may be harmless if the ALJ nonetheless considered all of a plaintiff's impairments, severe and non-severe, in his or her subsequent analysis. *See Fendler v. Saul*, No. 4:21-CV-614-SRW, 2022 WL 3153717, at *7 (E.D. Mo. Aug. 8, 2022) (citing *Spainhour v. Astrue*, 2012 WL 5362232, at *3 (W.D. Mo. Oct. 30, 2012) ("[E]ven if the ALJ erred in not finding plaintiff's shoulder injury and depression to be severe impairments at step 2, such error was harmless because the ALJ clearly considered all of plaintiff's limitations severe and nonsevere in determining plaintiff's RFC.")); *Givans v. Astrue*, No. 4:10-CV-417-CDP, 2012 WL 1060123, at *17 (E.D. Mo. March 29, 2012) (holding that even if the ALJ erred in failing to find one of the plaintiff's mental impairments to be severe, the error was harmless because the ALJ found other severe impairments and considered both those impairments and the plaintiff's non-severe impairments when determining Plaintiff's RFC). *See also* 20 C.F.R. § 416.945(a)(2) ("If

you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity."). It is clear that the ALJ considered Plaintiff's left post-inguinal hernia repair pain and ilio-inguinal neuralgia issues in the analysis of the RFC. (Tr. 60). So long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court may have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). The ALJ therefore did not commit reversible error at step 2 and the decision is supported by substantial evidence.

### C. MEDICAL OPINION EVIDENCE

Plaintiff's second argument is that the ALJ failed to properly evaluate the opinion evidence of record, specifically that of Dr.Tillingahst.

Because Plaintiff filed her application after March 27, 2017, this Court applies 20 C.F.R. § 404.1520c. Under the new regulations, an ALJ is no longer required to "defer to give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of such opinions by considering five factors: supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1520c(c). The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). The ALJ acknowledged application of these new regulations in the opinion. (Tr. 59).

Here, Plaintiff argues that the ALJ did not properly articulate the supportability and consistency factors as required by the regulations. Responding, the Commissioner asserts that the decision is supported by substantial evidence.

The ALJ's decision reflects that he properly considered Dr. Tillinghast's opinion.[4] The ALJ began by summarizing Dr. Tillinghast's February 2020 and August 2020 limitations. (Tr. 61, 3497-99, 3956  (February 2020 limitations), 4040-42 (August 2020 limitations)). The ALJ found Dr. Tillinghast's opinion(s) not entirely persuasive as it was not entirely supported by the updated records in the file as the opinion(s) was offered before the updated records were available. (Tr. 62-63). Although not located in the same paragraph where the ALJ explicitly weighed the opinion evidence, the ALJ gave clear reasoning for finding Dr. Tillinghast's opinion not entirely persuasive elsewhere in the opinion. "The paragraph concerning the ALJ's evaluation of [a medical] opinion cannot be read in isolation but must be read as part of the overall discussion of plaintiff's RFC assessment." *Wilcox v. Saul*, No. 4:20-CV-1285-SRW, 2021 WL 6196834, at *13 (E.D. Mo. Dec. 30, 2021) (quoting *Trosper v. Saul*, No. 1:20-CV-51-DDN, 2021 WL 1857124, at *5 (E.D. Mo. May 10, 2021)).

The ALJ reasoned that Dr. Tillinghast's opinion that Plaintiff could only occasionally walk or stand was contradicted by Plaintiff's own self-report that could she could walk for 45 minutes or two miles at a time. The ALJ further reasoned that the limitations stated in the opinion were either not supported or inconsistent with observations and findings by Dr. Tillinghast, the nurse practitioner, other health providers (at BJC) and Plaintiff's own statements as reflected in the medical records. In sum, the ALJ adequately explained the reasoning for finding Dr. Tillinghast's opinion not entirely persuasive, and that explanation is supported by substantial evidence.

---

[4]   Because Plaintiff does not dispute the ALJ's treatment of any other medical opinion evidence of record, the Court does not address them.

Although there may be some medical evidence in the record that supports the limitations opined by Dr. Tillinghast, as Plaintiff contends, this Court's task is not to reweigh the evidence presented to the ALJ. In this case, the ALJ's conclusion after weighing the evidence fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion.  *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). The Court finds the ALJ appropriately considered the medical and nonmedical evidence in the record and the ALJ's decision is supported by substantial evidence.

### V. CONCLUSION

For all the foregoing reasons, the Court finds the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of February, 2022.